# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN SHAPIRO,
Appellant,
vs.
FRANK A. DICICCO,
Respondent.

No. 65329

FILED

OCT 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DECLINING CERTIFIED QUESTION

This matter involves a question of law certified to this court by the United States Bankruptcy Court for the District of Nevada. The following question has been certified to this court:

> Does the doctrine of constructive or inquiry notice apply within the first three years of the recordation of a defective instrument, notwithstanding NRS § 111.347, which provides that a defective instrument imparts notice three years after recordation?

The certified question arises out of an adversary proceeding in which appellant Brian Shapiro, the bankruptcy trustee, is seeking a default judgment against respondent Frank A. DiCicco and two other entities, Valleywide Realty and Investments and Desert Real Estate Holdings, LLC. Neither Valleywide Realty nor Desert Real Estate Holdings was designated as a respondent in the bankruptcy court's certification order, but on our request for clarification, the bankruptcy court has indicated that both should have been included as respondents to this proceeding.

In the bankruptcy court, DiCicco appeared in the bankruptcy proceeding by filing a proof of claim, but failed to appear or file an answer in the adversary proceeding initiated by appellant. Additionally, neither Valleywide Realty nor Desert Real Estate Holdings appeared in either the bankruptcy proceeding or the adversary proceeding. And at present, there is no indication that any of these persons would appear and respond to the

14-35439

certified question in this court. With regard to DiCicco, to date, all mail sent to him by this court has been returned as undeliverable by the United States Postal Service; because Valleywide Realty and Desert Real Estate Holdings have not previously been included as respondents in this proceeding, it does not appear that any of the materials for this matter have been sent to them from this court, and thus, it is not clear that they will receive and/or respond to any order entered by this court. Thus, under the particular circumstances presented here, it appears unlikely that full briefing would be received by this court in this matter, and we therefore decline the certified question in this case. In so doing, we make no comment on the merits of the certified question, and our decision to decline this question shall have no bearing on our decision to accept or decline a subsequent federal court's certification of a question presenting the issue raised here under circumstances more conducive to our consideration of this issue.

It is so ORDERED.[1]

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                      Hardesty

_____, J.          _____, J.
Parraguirre                                   Douglas

_____, J.          _____, J.
Cherry                                          Saitta

[1]The bankruptcy court's certification order requests that this court waive the filing fee required for these certified questions, *see* NRAP 5(e), in light of the fact that this is a bankruptcy estate and based on the importance of the issue. We grant this request and waive the payment of the filing fee in this case. Thus, no filing fee is due.

cc: Hon. Linda Riegle, Judge, U.S. Bankruptcy Court
Atkinson Law Associates, Ltd.
Frank A. Dicicco